# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-987V
Filed: July 15, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| VIVIAN REINARD, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | * Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA*, for petitioner.
*Althea Walker Davis, U.S. Department of Justice, Washington, DC*, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 15, 2014, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS") and Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of her November 3, 2011 influenza ("flu") vaccine. On May 9, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' Stipulation. (ECF No. 38).

On May 20, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 42). Petitioner requests attorneys' fees in the amount of $51,275.50 and attorneys' costs in the amount of $8,100.40 for a total amount of $59,375.90. *Id.* at 2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.*

On June 2, 2016, respondent filed a response to petitioner's motion. (ECF No. 44). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $25,000.00 and $30,000.00" but provides no basis or explanation for how she arrived at this proposed range. *Id.* at 3.

On June 9, 2016, petitioner filed a reply. (ECF No. 45). Petitioner argues that respondent has provided "no precise objection" but only "a self-serving estimation of what the [r]espondent believes the range for fees and costs in this case should be." *Id.* at 2-3.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for several reasons.

First, petitioner requests compensation for an excessive number of billing entries for paralegal work at an attorney rate.[3] Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. HHS.*, 99-382V, 2009 WL 3319818, *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. HHS.*, No. 99-535, 2008 WL 5747914, *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). The undersigned finds 28 hours of petitioner's counsel's billed time represents paralegal work, and not attorney work, and reduces petitioner's attorneys' fees request by $3,640.00.[4]

Second, petitioner requests compensation for some clerical and administrative work which is not compensable in the Vaccine Program as it is normally considered

---

[3] For example: "Prepare medical records request to Doylestown Hospital 8/19/2014 .4[hours];" "Review correspondence from Doylestown Hospital re: records 9/24/2014 .2[hours];" and "Prepare exhibits 1-7 for filing (nearly 7000 pages) 1/16/2015 2.5[hours]." (ECF No. 42 at 4, 7). The undersigned notes that these are just a few examples of a large number of billing entries in this claim which reflect paralegal work is billed at the attorney rate.

[4] This amount represents the difference between petitioner's counsel's rate and petitioner's counsel's paralegal's rate.

2

administrative overhead.[5]  *See, e.g. Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (legal assistant services that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fee rates"); *Mostovoy*, 2016 WL 720969, at *5.  The undersigned reduces petitioner's counsel's fees' request by 5.4 hours, or $1,377.00, for attorney time billed for administrative tasks.

Finally, the undersigned notes that petitioner's counsel has billed for travel at his full hourly rate.[6]  It is well established that it is reasonable to compensate travel time at 50% of counsel's hourly rate when the attorney is not performing work while travelling.  *See, e.g. Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. July 27, 2009); *Carter v. Sec'y of Health & Human Servs.,* No. 04-1500V, 2007 WL 2241877, at *6 (Fed. Cl. Spec. Mstr. July 13, 2007); *Scoutto v. Sec'y of Health & Human Servs.*, No. 90-3576V, 1997 WL 588954, at *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997).  Accordingly, the undersigned reduces petitioner's counsel's fees' request by $497.25, representing a 50% reduction of the 3.9 hours, or $994.50, billed by petitioner's counsel for time spent traveling.

Based upon the above analysis, a review of the timesheets, and the undersigned's experience, petitioner's application for attorneys' fees is reduced by $5,514.25.  The undersigned finds that the proposed attorney and paralegal rates, as well as the proposed costs, are entirely reasonable.

Petitioner also requests additional attorneys' fees in the amount of $255 (one hour of time) for preparing the reply.  (ECF No. 45 at 4).  The undersigned finds the request for additional hour spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief.  Thus, the total amount awarded for attorneys' fees and costs is **$54,116.65**.[7]

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[5] For example: "Telephone call with Minutemen press re: scan 9/29/2014 .3[hours];" "Review correspondence with Doylestown Medical Associates re: invoice 10/29/2014 .2[hours];" and "Prepare reply correspondence re: invoice 8/4/2015 .2[hours]." (ECF No. 42 at 4-5, 9).

[6] "Drive to client's house for meeting 8/18/2014 1.4[hours];" "Drive from client meeting 8/18/2014 1.4[hours];" and "Pick up records 10/6/2014 1.1[hours]." (ECF No. 42 at 4-5).

[7] The undersigned notes that this award while larger than the average award for fees and costs in an SPU claim is entirely reasonable based on the facts and procedural history of this claim, which includes approximately 9,000 pages of medical records.

**Accordingly, the undersigned awards the total of $54,116.65[8] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Maximillian Muller.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.